IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10351
Summary Calendar
_____

PEGGY SUE YBARRA,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-230-Y

_____
March 1, 2001

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Peggy Sue Ybarra, Texas prisoner # 569925, appeals the denial of her 28

U.S.C. § 2254 petition for writ of habeas corpus. She contends that the state court

erred when it denied her claims that: (1) the State violated the confrontation clause

by failing to produce an adverse witness at her parole-revocation hearing, and

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) her parole revocation ruling violated the due process clause because the evidence supporting the revocation lacked sufficient reliability.

Ybarra's contentions do not warrant habeas relief. It is well settled that we "may not grant habeas relief unless the error at issue had substantial and injurious effect or influence in determining the proceeding's outcome."[1] Ybarra challenges only the determination that she violated the conditions of her parole by committing aggravated robbery. Any error made in reaching this conclusion is harmless, however, because the order revoking Ybarra's parole also relied on the unchallenged finding that she violated the conditions of her parole by failing to report to her parole officer.[2] Either finding is sufficient to support a revocation of parole. Accordingly, the judgment of the district court is AFFIRMED.

---

[1]Williams v. Johnson, 171 F.3d 300, 307 (5th Cir.) (internal quotation marks, footnote, and citations omitted), cert. denied, 528 U.S. 882 (1999).

[2]Spann v. Wainwright, 431 F.2d 482 (5th Cir. 1970); United States v. McCormick, 54 F.3d 214 (5th Cir. 1995).